IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ADRIAN McPHERSON, | ) |
|     Plaintiff, | ) Case No. _____ |
| | ) |
| vs. | ) Judge _____ |
| | ) Magistrate Judge _____ |
| TENNESSEE FOOTBALL, INC., | ) |
| d/b/a TENNESSEE TITANS, | ) JURY DEMAND |
| | ) |
|     Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Tennessee Football, Inc. d/b/a Tennessee Titans ("TFI") hereby gives notice of the removal of the above-styled action pursuant to 28 U.S.C. § 1441 and § 1446, and as grounds therefore states as follows:

    1.    Plaintiff Adrian McPherson ("Plaintiff") filed suit against TFI in the Davidson County Circuit Court (Case No. 06C3302) on December 15, 2006. To TFI's knowledge, it has not been served with a copy of the Complaint as of the date of removal.

    2.    In his Complaint, Plaintiff, a former professional football player in the National Football League ("NFL"), avers that he was injured during a preseason game between the Tennessee Titans and New Orleans Saints on August 14, 2006.

See Complaint at ¶¶ 5, 7.[1] He further avers that he was placed on "injured reserve" and ultimately "forced to miss the entire NFL season" because of his purported injuries. Id. at ¶ 8. Plaintiff claims that TFI owed a duty to ensure its agents perform their jobs "in a manner that would not cause injury to opposing players." Id. at ¶ 12.

3. At the time of his purported injuries, Plaintiff was a member of the National Football League Players Association ("NFLPA"), the sole and exclusive bargaining representative of NFL players. As such, he was subject to and bound by the terms and conditions of the NFL Collective Bargaining Agreement ("CBA") between the NFLPA and the National Football League Management Council ("NFLMC"). The NFLMC is the sole and exclusive bargaining representative of NFL member clubs, including TFI and the New Orleans Saints.

4. Article IV, Section 2 of the CBA prohibits McPherson from filing suit against TFI, or any other NFL member club, for injuries arising out of his performance as a professional football player in the NFL. Instead, the CBA requires McPherson to file either a non-injury or injury grievance, pursuant to Article IX or X thereof, respectively, to pursue his claims. He has not done so and his Complaint directly and unambiguously violates the promises to which he agreed as a member of the NFLPA.

5. The resolution of Plaintiff's averments in the Complaint requires directly the interpretation of the CBA's grievance provisions and remedies

---

[1] Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is reproduced as Exhibit A and attached hereto.

thereunder. Likewise, the rights claimed by Plaintiff in the Complaint were created by and are inextricably intertwined with the CBA.

6. This Court has original subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. This action is one that may be removed to this Court pursuant to 28 U.S.C. §1441(b), in that it arises under the Constitution, laws or treaties of the United States, specifically the Labor Management Relations Act, 29 U.S.C. §§ 141 et seq. ("LMRA"). Section 301 of the LMRA, which preempts completely Plaintiff's averred state law tort claim, provides in relevant part that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

7. TFI has removed this cause pursuant to Section 1446(b) within thirty days from its receipt of a copy of the Complaint through service or otherwise.

WHEREFORE, TFI requests that this civil action be removed in its entirety from the Circuit Court of Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, at Nashville; that this Honorable Court assume full jurisdiction of this cause; and, that this Honorable Court take all further action deemed just and proper.

*[signature]*

Robert E. Boston, Tenn. BPR # 9744
Mark W. Peters, Tenn. BPR # 18422
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville City Center
Nashville, TN 37219
(615) 244-6380 (telephone)
(615) 244-6804 (facsimile)
bob.boston@wallerlaw.com
mark.peters@wallerlaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via United States mail, First Class postage prepaid, upon Christopher Taylor, Hill-Boren PC, 191 Jefferson Avenue, Memphis, Tennessee 38103, on this the 4th day of January, 2007.

*[signature]*

1297146.1