IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ADRIAN McPHERSON, ) | |
| ) | Case No. 3:07-cv-0002 |
| Plaintiff, ) | |
| ) | Judge Haynes |
| vs. ) | Magistrate Judge Griffin |
| ) | |
| TENNESSEE FOOTBALL, INC., ) | |
| d/b/a TENNESSEE TITANS, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

**I.     Jurisdiction and Venue**

Plaintiff denies that this Court has jurisdiction and has filed a Motion to Remand.

Defendant ("the Titans") removed this action to the United States District Court for the Middle District of Tennessee because Plaintiff's asserted tort claim is preempted completely by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

The parties agree that venue is appropriate.

**II.    Parties' Theories of the Case**

   **A.  Plaintiff's Theory of the Case**

Plaintiff, Adrian McPherson was under contract to play football for the New Orleans Saints. On August 12, 2006, the Saints traveled to Nashville to play a

1349570.2

preseason football game against the Tennessee Titans. Plaintiff was on the field warming up for the second half when a motorized vehicle driven by T-Rac, the Tennessee Titans' mascot, ran over Plaintiff. Plaintiff was forced to miss the preseason and ultimately the remainder of the season with the New Orleans Saints. Plaintiff filed a complaint in the Circuit Court of Davidson County, Tennessee, alleging negligence against the Tennessee Titans. The Plaintiff contends that the case was properly filed in state court and that removal was improper. The case is not preempted by federal law because the tort claim is not inextricably intertwined with consideration of the terms of the labor contract. The LMRA does not preempt a claim that merely relates in some way to the provision in a collective bargaining agreement. This case involves a freestanding state tort duty and it is inconsistent with congressional intent to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract. This case should be remanded to state court.

**B. Defendant's Theory of the Case**

Plaintiff, a professional football player formerly employed by the New Orleans Saints, seeks damages for injuries he incurred during a football game against the Titans in Nashville, Tennessee on August 12, 2006. Though he postures his claim as one sounding in tort, it is preempted completely by Section 301 of the LMRA because the resolution of it claim is substantially dependent upon an interpretation of, and is inextricably intertwined with, the NFL Collective Bargaining Agreement ("CBA"), to which both Plaintiff and the Titans are bound.

The CBA specifically and unambiguously prohibits Plaintiff from filing suit against the Titans (or any other NFL member club) and requires that his claim against the Titans be resolved through a grievance and final and binding arbitration process. Because he has not attempted to resolve his claim through that contractually bargained for and agreed upon process – perhaps not coincidentally because he has received all the compensation for his purported injuries to which he was entitled under the CBA – the lawsuit must be dismissed as a matter of law.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date the Court rules upon the pending Motion to Remand and Motion to Dismiss.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date that the Court rules on the pending Motion to Remand and Motion to Dismiss, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR")

procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference on <u>February 26, 2007</u>, this action is set for a jury trial on _____ at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, _____. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _____ at \_\_\_\_ p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on _____. All written discovery shall be submitted in sufficient time so that the response shall be in hand by _____. All discovery related statements shall be filed by the close of business on _____. No motions related to discovery for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

1349570.2

4

Case 3:07-cv-00002   Document 13   Filed 02/21/2007   Page 4 of 6

All dispositive motions[1] shall be filed by the close of business on _____.[2] Any response thereto shall be filed by the earlier of the close of business on _____, or twenty days after the filing of a dispositive motion.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

The parties agree that discovery shall be stayed pending disposition of the currently pending Motion to Remand and Motion to Dismiss.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 22, Federal Rules of Civil Procedures shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on _____, Plaintiff shall declare to Defendant (<u>not</u> file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of the Court (effective March 1, 1994) relating to motions for summary judgment.

1349570.2

By the close of business on _____, Defendant shall declare to Plaintiff (not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on _____. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply to this action, and strict compliance is required.

It is so **ORDERED.**

**ENTERED** this the _____ day of February, 2007.

_____
WILLIAM J. HAYNES, JR.
United States District Judge