IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE,
AT NASHVILLE

ADRIAN MCPHERSON,     *

    Plaintiff,     *

vs.     *

TENNESSEE FOOTBALL     *
INCORPORATED, d/b/a TENNESSEE
TITANS,     *

    Defendant.     *

CIVIL ACTION NO. _3-07-0002_
Judge: Judge Haynes
Magistrate Judge: _____

Jury Demanded

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL ALTERNATIVELY PLAINTIFF'S MOTION TO REMAND

The plaintiff, Adrian McPherson, submits it's response to defendant's notice of removal and therefore request that this action be remanded to state court. In support of plaintiff's position, plaintiff would state the following:

1.     Plaintiff, Adrian McPherson was under contract to play football for the New Orleans Saints. On August 12, 2006, the Saints traveled to Nashville to play a preseason football game against the Tennessee Titans. Adrian McPherson, was injured by the negligence of T-Rac, the Tennessee Titans' mascot on August 12, 2006. At that time, Mr. McPherson was on the field warming up for the second half when a motorized vehicle driven by T-Rac, the Tennessee Titans' mascot, ran over plaintiff. As result, plaintiff sustained serious personal injuries. Ultimately, because of injury sustained as a result of the incident, plaintiff was forced to miss the pre-season and ultimately the remainder of the season with the New Orleans Saints. Plaintiff filed a complaint in the Circuit Court of

Dockets.Justia.com

Davidson County, Tennessee, alleging negligence against the Tennessee Titans.

2. On January 3, 2007, defendants filed a Notice of Removal with this Honorable Court. In support of his Notice of Removal, defendant stated that the plaintiff was a member of the National Football League Players Association and was bound by the terms and conditions of the NFL Collective Bargaining Agreement. Further, defendants state that Article 4, Section 2 of the Collective Bargaining Agreement prohibits Mr. McPherson from filing suit against TFI or any other NFL club. Instead, defendants argue that the Collective Bargaining Agreement provides the only resolution for plaintiff's claim. As a result, defendants argue that this court has original subject matter jurisdiction pursuant to 28 USC Section 1331. Specifically, the Court's jurisdiction arises under the constitution, laws, or treaties of the United States, specifically the Labor Management Relations Act 29 USC Section 141 et seq. (LMRA). Further, defendants state that Section 301 of the LMRA preempts plaintiff completely from filing a state law claim.

3. Federal courts are courts of limited jurisdiction. Federal Courts posses only the power authorized by the Constitution and statutes. A litigant may raise a challenge to a federal court's subject matter jurisdiction under Federal Rules Civil Procedure 12(b)(1) at any time in a litigation, as can the court sua sponte. Federal Rules Civil Procedure 12(h)(3). It is to be presumed that a cause lies outside the federal court's limited jurisdiction.

4. Complaints originally filed in state court may be removed by a defendant to federal court only if the case could have been filed, in the first instance, in federal court. 28 USC Section 1441(a). Generally, when a complaint alleges only state law causes of

action it cannot be removed to a federal court from state court even if there is a federal defense, thus making the plaintiff "master of the complaint" and allowing a plaintiff to avoid federal jurisdiction by relying exclusively on state law if they so desire. <u>Brown v. National Football League</u>, 219 Fed. Supp. 2d 372 (S. D. New York).

5. There is an exception to this so called well-pleaded complaint rule known as the complete preemption doctrine. Under this doctrine, the Supreme Court has held that in certain instances the preemptive force of a statute is so extraordinary that it allows a straightforward state law complaint to properly be removed to federal court even when the plaintiff's complaint does not itself include a federal cause of action for purposes of the well pleaded complaint rule. <u>Brown</u>, at 378. Section 301 of the LMRA is the statute most commonly associated with the complete preemptive doctrine.

6. However, the court has found that:

[I]t does not follow, however that any state tort suit brought by an employee covered by a CBA is preempted by the LMRA." Federal preemption is driven by the need to insure that the meaning given a contract phrase or term be subject to uniform federal interpretation. Thus, questions relating to what the parties to a labor agreement agreed and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability and tort. Tort claims that do not implicate these federal interests are not preempted. The test is whether the tort claim is inextricably intertwined with consideration of

3

the terms of the labor contract. The LMRA does not preempt a claim that merely relates in some way to the provision in a collective bargaining agreement.

Brown, at 378. When determining whether a tort claim is merely a restatement of a claim for violation of a CBA, a court must determine did the "duty to the employee of which the tort is a violation is created by a Collective Bargaining Agreement and without existence independent of the agreement." Brown, at 379. If there is a free-standing state tort duty, the Supreme Court has repeatedly advised that it would be inconsistent with congressional intent to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract. Brown, at 380, citing Allis-Chalmers v. Lueck, 471 U.S. 202, 211-12 (1985); Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 260 (1994); Livadas v. Bradshaw, 512 U.S. 107, 123-124 (1994).

7. In Brown, plaintiff, Orlando Brown, a football player for the Cleveland Browns, sustained an injury when an NFL referee called a penalty and threw the flag striking Mr. Brown in the eye. As a result of being hit in the eye, Mr. Brown alleged that he could no longer play football without significant risk of sustaining further injury including blindness. Mr. Brown filed a claim against the NFL alleging that it negligently retained the referee, and that it inadequately trained the referee. As a result, the negligent retention and lack of training was the proximate cause of Mr. Brown's injuries. The NFL attempted to remove the case to state court on the grounds of the Collective Bargaining Agreement. The court found that the state law claims alleged by Brown were independent of the Collective Bargaining Agreement and, as a result, the federal court did not have subject matter

4

jurisdiction to hear the case. In fact, the court found that the duty asserted by Brown is based on state tort law and will protect any member of the public. The NFL owes no greater duty to Brown or to any bystander to train its employees in the safe use of their equipment or to respond in damages if one of its employees in the course of his work carelessly throws something into someone's eye. The court went on to state that other sorts of tort claims provide examples of non-preemptive state law causes of action. In fact, claims of intentional torts like assault and battery brought by employees covered by CBA's against former fellow employees are not preempted by federal labor law. The Ninth Circuit has found that whatever the party's rights and duties under their Collective Bargaining Agreement they could not have possibly negotiated infringement of plaintiff's state laws like being free from such things as battery. See Hayden v. Reikerd, 957 F.2d 1506 (9th Cir. 1991).

8. Like Brown, the issues involved in this case arise out of state tort law claims. The claims being made by plaintiff in this particular action are the types of claims that would protect any citizen of the State of Tennessee. It cannot be argued that if T-Rac ran over a patron in his motorized vehicle, that patron would not be able to sue in state court for the tortious action of T-Rac. As a result, it is clear that the action alleged by Mr. McPherson are being alleged independent of the Collective Bargaining Agreement. Surely, the National Football League's Players' Association did not bargain away it's players' right to redress under state tort law. Defendant's may argue that plaintiff may utilize the Collective Bargaining Agreement in some manner to prove it's claim against the Tennessee Titans. In response to these type of allegations made in Brown, the court

stated any plaintiff with a claim against an organization would resort to that organization's rule and standards to see whether or not that organization actually violated such rules and standards. As a result, the court found that a plaintiff arguing that member of a particular trade or profession behaved negligently in carrying out his duties may appropriately use as evidence of negligence manuals, regulations or other materials defining the reasonable and expected standards of professional conduct within that occupation. Brown, at 384.

9. As it relates, to the no suit provision of the Collective Bargaining Agreement, the court in Brown found that nothing in the CBA remotely purports to address the use of penalty flags let alone provide that negligently thrown penalty flags is conduct permitted by the CBA. Like Brown, nothing in the CBA remotely discusses the actions of a mascot negligently operating a motorized vehicle on the field of play, reserved for players and officials. As a result, the no suit provision is not applicable and could not serve as a basis for removal of the suit to federal court.

10. Ultimately, the court held that "since the action will not require interpretation of the CBA but will instead implicate only ordinary concepts of negligence and assumptions of risks, referring at most to the playing rules of NFL football and proper conduct of a referee—none of which are addressed in the CBA—the purposes behind Section 301 will no way be thwarted by allowing plaintiffs to go forward in their state law claims in state court." Brown, at 389. Like Brown, the cause of action filed by Mr. McPherson does not require interpretation of the CBA and only implicates the ordinary concept of negligence and the improper conduct of the Tennessee Titans mascot. Therefore, the plaintiffs respectfully request that this cause of action be remanded to state

6

court and plaintiff be permitted to pursue his claim at that time.

>Respectfully submitted,
>
>HILL • BOREN P.C.
>
>
>_s/ James R. Krenis_
>CHRISTOPHER L. TAYLOR (018246)
>JAMES R. KRENIS (21563)
>Attorney for Plaintiff
>191 Jefferson Avenue
>Memphis, TN  38103
>(901) 522-1300

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is attorney for the plaintiff and has served a true and correct copy of the foregoing pleading by United States Mail, postage paid to:

Robert E. Boston
Mark W. Peters
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville City Center
Nashville, TN 37219

This the __29th__ day of __January__, 2007.

>_s/ James R. Krenis_
>JAMES R. KRENIS